UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:09CV-52-M

JENNIFER HUTCHISON-CORBIN                          APPELLANT

V.

MAZES ELMER BURTON                                     APPELLEE

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Hutchison-Corbin's appeal of the bankruptcy court's interlocutory order denying her motion for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3). Fully briefed, the matter is ripe for decision. For the reasons that follow, the bankruptcy court's order is **AFFIRMED**.

## I. BACKGROUND

This case involves a claim by Mazes Elmer Burton, a debtor under the Bankruptcy Code, for damages and an injunction against Jennifer Hutchison-Corbin, the Adair County Attorney, as the result of a criminal case she brought against Burton for issuing a bogus check in violation of KRS § 514.040. Burton's complaint alleges that Hutchison-Corbin violated the automatic stay and the discharge injunction because she "sought and obtained a Warrant for the arrest of Elmer Mazes who was subsequently jailed until posting bond" and because she "continued the prosecution." (Complaint, ¶¶ 15-18); see 11 U.S.C. §§ 362, 524.

Hutchison-Corbin filed a motion for summary judgment on September 8, 2008, seeking dismissal of Burton's complaint on several grounds, including absolute prosecutorial immunity. That motion was held in abeyance until January 7, 2009, for purposes of conducting discovery. On January 16, 2009, after discovery was complete, Burton filed a response to Hutchison-Corbin's motion, and Hutchison-Corbin thereafter filed a reply. On January 30, 2009, the criminal charges were dismissed without prejudice pursuant to Burton's motion in the Adair District Court. On March 10, 2009, the bankruptcy court denied Hutchison-Corbin's motion for summary judgment. This appeal followed.

## II. DISCUSSION

Hutchison-Corbin appeals the bankruptcy court's denial of her motion for summary judgment on grounds of absolute prosecutorial immunity. She also asserts, inter alia, that she cannot have violated the automatic stay by initiating the criminal action against Burton because that provision exempts criminal prosecutions. Insofar as the appeal presents a "neat abstract issue of law," the Court finds it properly taken, and reviews the claim de novo. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (finding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision'"); Turner v. Scott, 119 F.3d 425, 428 (6th Cir. 1997) (clarifying that if "asserted factual disputes are not material, what remains for decision is a purely legal issue."); see also Spurlock v. Satterfield, 167 F.3d 995, 1000 (6th Cir. 1999). However, the parties also ask the Court to decide whether the

Bankruptcy Code permits an injunction against any future prosecution by Hutchison-Corbin related to Burton's alleged "theft by deception" for the use of a bad check to pay a now-discharged debt to Harold Mouser. That question is outside the present scope of review.

A.

The Court first needs to clear up some confusion regarding the bankruptcy court's order. As mentioned, Hutchison-Corbin argues that summary judgment was improperly denied because, even without absolute immunity, she could not have violated the automatic stay by initiating the criminal action against Burton since the stay does not apply to criminal prosecutions. The Court does not read the bankruptcy court's order as suggesting otherwise. The bankruptcy court found that the "United States Bankruptcy Code does not exclude criminal prosecution and damages for contempt *from the discharge injunction* . . . [and] [q]uestions of fact exist regarding the extent of Hutchison-Corbin's actions making summary judgment inappropriate." (Bankruptcy Court's Order, p. 1-2) (emphasis added). Thus, implicit in the bankruptcy court's statement that criminal prosecutions are not excluded from contempt of the discharge injunction is its recognition that criminal prosecutions are excluded from contempt of the automatic stay.

The court's subsequent citation to In re Caravona, 347 B.R. 259 (Bankr. N.D. Ohio 2006) confirms this interpretation. In that case, the United States Bankruptcy Court for the Northern District of Ohio held that a prosecutor could not violate the automatic stay by pursuing a criminal prosecution regardless of his or her motive. The court explained

that the Bankruptcy Code means what it says: "[t]he filing of a petition . . . does not operate as a stay . . . . of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). It noted that some courts have "put a gloss on the statute to say that it does not apply if a prosecutor acts as a debt collector," but it rejected that view, as the bankruptcy court implicitly did below, and as this Court does now. Id. at 265. A majority of courts, including the only Circuit Court to address the question, and the only District Court in the Sixth Circuit to previously do so, have reached the same conclusion. See In re Gruntz, 202 F.3d 1074 (9th Cir. 2000); Dovell v. The Guernsey Bank, 373 B.R. 533 S.D. Ohio 2007); see also In re Caravona, 347 B.R. 259 (Bankr. N.D. Ohio 2006); In re Byrd, 256 B.R. 246 (Bankr. E.D.N.C. 2000); see generally In re Bibbs, 282 B.R. 876 (Bankr. E.D. Ark. 2002) (collecting cases); 3 Collier on Bankruptcy ¶ 362.05[1][a] (explaining that "[b]ecause bad check prosecutions are criminal in nature, they should be viewed as excepted from the stay by section 362(b)(1) even if the primary purpose of a prosecution is collection of an otherwise dischargeable debt.).

The reason is that the statutory language does not create any distinction based on a prosecutor's motives, and excluding so-called "bad check" prosecutions from the automatic stay is not inconsistent with Congress's intent "to give relief from financial over-extension" while at the same time avoiding the creation of "a haven for criminal offenders." In re Collins, 173 F.3d 924, 932 (4th Cir. 1999) (quoting H.R.Rep. No. 95-595, at 342 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6299); In re Caravona, 347

B.R. at 265; see also White v. Kentuckiana Livestock, Mkt., Inc., 397 F.3d 420, 424 (6th Cir. 2005) (explaining that "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstratively at odds with the intentions of its drafters") (quoting United States v. Ron Pair Enterp., Inc., 489 U.S. 235, 242 (1989)). Accordingly, the Court affirms the bankruptcy court's implicit finding that Hutchison-Corbin did not violate the automatic stay when she "sought and obtained a Warrant for the arrest of Elmer Mazes [Burton]" and allegedly injured him "as a direct and approximate [sic] result of the felony criminal complaint and related actions" because those actions were never barred by the automatic stay. (Plaintiff's Complaint, p. 4). The question of whether Hutchison-Corbin is immune from damages for violation of the automatic stay on the basis of absolute prosecutorial immunity is therefore moot.

B.

Burton's allegation that Hutchison-Corbin violated the discharge injunction by continuing the prosecution is another matter. "Although there is no private cause of action afforded a debtor for a violation of the discharge injunction, a debtor may bring civil contempt charges against an offending entity." In re Caravona, 347 B.R. at 267 (citing Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 422-23 (6th Cir. 2000)). Generally-speaking, the power to hold parties in civil contempt, i.e., to assess fines or order imprisonment, ensures that courts can coerce compliance with their decisions and remedy harms caused by past noncompliance. See Int'l Union, United Mine Workers v.

Bagwell, 512 U.S. 821, 833 (1994); see also 18 U.S.C. 401 (authorizing federal courts to "punish by fine or imprisonment, or both," a party's "[d]isobediance or resistance to [a] lawful . . . order"). It would be remarkable if, as Hutchison-Corbin suggests, the doctrine of absolute prosecutorial immunity precluded damages for contempt of a bankruptcy court's order when such immunity doctrines have never protected obstreperous litigants from civil contempt charges before. See, e.g., Maurino v. Johnson, 210 F.3d 638 (6th Cir. 2000); U.S. v. Haynes, 216 F.3d 789 (9th Cir. 2000); Hill v. Turpin, 135 F.3d 1411 (11th Cir. 1998); Barry v. U.S., 865 F.2d 1317 (D.C. Cir. 1989).

Nonetheless, Hutchison-Corbin directs the Court to In re Perry, 312 B.R. 720 (Bankr. M.D. Ga. 2004) and In re Womack, 253 B.R. 241 (Bankr. E.D. Ark. 2000), which found that "prosecutors enjoy immunity from suit for acts taken in the course of their official prosecutorial duties . . . . This rule holds true even where the action seeks damages for violation of the automatic stay.") (alterations omitted). Those cases, in turn, cite Coates v. Peachtree Apartments (In re Coates), 108 B.R. 823 (Bankr. M.D. Ga.1989), which held that a marshal was protected by judicial immunity for violation of the automatic stay when he initiated a dispossessory action pursuant to a judge's order. However, none of these cases adequately explain why the doctrine of absolute prosecutorial immunity, which bars civil *suits* for damages, should bar damages awarded pursuant to a court's civil *contempt* power.

Perhaps the main rationale for absolute prosecutorial immunity—that harassment by unfounded litigation can deflect a prosecutor's energies from her public duties and

keep her from freely exercising the independence of judgment required by her public trust—applies as strongly in the civil contempt context as it does in the context of malicious prosecution and 42 U.S.C. § 1983 claims. See Imbler v. Pachtman, 424 U.S. 409, 423 (1976) (citing Pearson v. Reed, 44 P.2d 592, 597 (Cal. Ct. App. 1935)); see also Van de Kamp v. Goldstein, 555 U.S. ___, 129 S.Ct. 855 (2009). But even if it does, that concern must be outweighed by a court's need to enforce its orders against all parties, including prosecutors. The Court therefore concludes that if the circumstances warrant a finding that Hutchison-Corbin acted in contempt of the discharge injunction, then she may be liable for damages notwithstanding the doctrine of absolute prosecutorial immunity.

### III. CONCLUSION

For the foregoing reasons, the bankruptcy court's order is **AFFIRMED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

Joseph H. McKinley, Jr., Judge
United States District Court

August 3, 2009

cc. Counsel of Record
   USBC Chief Judge Lloyd
   USBC Clerk WD/KY