UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ELMER MAZES BURTON | ) |
| ELSIE MARIE BURTON | ) |
| Debtors | ) 08-10013 (7) |
| | ) |
| | ) |
| ELMER MAZES BURTON | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| HAROLD MOUSER | ) |
| | ) |
| AND | ) A.P. No. 08- 01019 |
| | ) |
| JENNIFER HUTCHISON CORBIN | ) |
| IN HER CAPACITY AS ADAIR | ) |
| COUNTY ATTORNEY | ) |
| Defendants | ) |

## RECENT PROCEDURAL HISTORY

On August 3, 2009, The United States District Court Affirmed this Court's decision to deny the Motion for Summary Judgment made by Defendant Jennifer Hutchison-Corbin. The law of the case has been established that Jennifer Hutchison-Corbin is not entitled to prosecutorial immunity and this Court shall determine if circumstance warrant to make a finding that Jennifer Hutchison-Corbin violated the Discharge Injunction. The District Court remanded the matter to the Bankruptcy Court to allow the Bankruptcy Court to determine if Jennifer Hutchison-Corbin violated the Discharge Injunction and the appropriate remedy. After being remanded, this Court set an

evidentiary hearing to be held December 16, 2009 at 10:00 am in Bowling Green, Kentucky.

Plaintiff Elmer Burton has been granted a default judgment against Defendant Harold Mouser (Docket # 12).

## PLAINTIFF'S MEMORANDUM OF LAW

Comes now the Plaintiff, Elmer Mazes Burton, herein after referred to as "Burton" by and through counsel and for his Memorandum of Law submits the following:

## ISSUES

1. Did Jennifer Hutchison-Corbin violate the automatic stay in violation of 11 U.S.C. 362 in pursuing a collection matter on behalf of Harold Mouser?

2. Did Jennifer Hutchison-Corbin in her capacity as Adair County Attorney violate the discharge injunction?

3. Did Elmer Burton suffer actual damages caused by the actions and/or inactions of Jennifer Hutchison-Corbin which violated the discharge injunction, and if so, what is the dollar amount of those damages?

4. Should the actual damages awarded be multiplied in an amount to ensure the Bankruptcy Court's orders are not ignored in the future?

## BURDEN OF PROOF

"[C]onsideration by a bankruptcy court of a civil contempt motion will encompass only two issues: whether the alleged contemnor knew of the order and whether he complied with it." Kellogg v. Chester, 71 B.R. 36 (N.D. Tex 1987).

The party seeking the contempt citation retains the ultimate burden of proof, but

once he makes out a prima facie case, the burden of production shifts to the alleged contemnor, who must then come forward with evidence to show a present inability to comply with the court's order. <u>Combs v. Ryan's Coal Co., Inc.</u>, 785 F.2d 970, (11 Cir. 1986).

## **ANTICIPATED TESTIMONY**
## **ELMER BURTON**

It is anticipated that Elmer Mazes Burton will testify consistent with the following facts:

1. Mr. Burton borrowed money from Mr. Mouser time to time for a period of time exceeding 30 years. The loan would be memorialized by Mr. Burton executing a promissory note on what appeared to be the face of a check. When the payments had been made and Mr. Mouser deemed he had been paid in full the check note would be returned to Mr. Burton. No notice of interest rates or terms was provided to Elmer Burton from Mr. Harold Mouser. Mr. Burton will testify regarding the events giving rise to the criminal action brought against him.

2. Over the thirty years Mr. Burton borrowed more times that he can recall from Mr. Mouser and has been paying Harold Mouser consistently for 30 years.

3. Mr. Burton was arrested and lodged in jail until he could arrange for bond.

4. Mr. Burton will testify to the amount of his attorney fees he suffered as a result of the actions of Mouser and Hutchison-Corbin.

5. Mr. Burton will testify to his educational background, home life, poverty, losing his home, and other facts to allow this Court to determine the hardship placed upon him by the action of Mouser and Hutchison-Corbin.

6. Mr. Burton will testify to other matters that may become relevant during the

evidentiary hearing.

## ANTICIPATED TESTIMONY
## ELSIE MARIE BURTON

Elsie Marie Burton is anticipated to testify as follows:

1. Elsie Burton will testify consistent the testimony of Elmer Burton.

2. Elsie Burton will testify to her educational level.

3. Elsie Burton will testify regarding her personal knowledge of the history of the transactions with Harold Mouser.

## ANTICIPATED TESTIMONY
## ATTORNEY GAIL WILLIAMS

Attorney Gail Williams is anticipated to testify as follows:

1. Attorney Gail Williams will testify regarding his training as a State Police Officer and his duties while working for the Kentucky State Police.

2. Attorney Gail Williams will testify as to his educational background and normal billing rate on criminal matters.

3. Attorney Gail Williams is anticipated to testify regarding the actions and inactions of Jennifer Hutchison-Corbin as it relates to the action brought by Elmer Burton against Jennifer Hutchison-Corbin in her capacity as Adair County Attorney.

4. Attorney Gail Williams will testify regarding Jennifer Hutchison-Corbin's resistance to dismissal of the criminal charges.

5. Attorney Gail Williams will testify that Jennifer Hutchison-Corbin continuous denied the bankruptcy court had the power to enjoin the criminal proceedings to the Adair District Court.

6. Attorney Gail Williams will testify as to date, time and activities he has

expended in his efforts related to the criminal charges brought against Elmer Burton.

7. Attorney Gail Williams is anticipated to testify what efforts he had taken to minimize the damages to Elmer Burton including providing a copy of the Emberton-Lobb case to Jennifer Hutchison-Corbin prior to Elmer Burton being incarcerated.

8. Attorney Gail Williams will testify regarding his efforts in defending Elmer Burton and other information relevant o this evidentiary hearing.

## ANTICIPATED TESTIMONY
## JENNIFER HUTCHISON-CORBIN

It is anticipated that Jennifer Hutchison-Corbin will testify she was aware of the discharge injunction and took no affirmative action to stop the criminal prosecution of Elmer Burton and resisted the actions of the defense attorney.

Jennifer Hutchison-Corbin will testify consistent with the positions and facts stated in her previously filed documents. The Plaintiff will attempt to elicit additional information the Court may find useful.

Jennifer Hutchison-Corbin will testify to certain financial information to assist this Court in determining the ability to pay punitive damages.

## OTHER WITNESS

The Plaintiff may call other witnesses identified by Defendant Jennifer Hutchison-Corbin or rebuttal witnesses.

## ARGUMENT

Any bad faith on the part of Mouser can be imputed to the Commonwealth. "Any bad faith on the part of the creditors may be imputed to the state officials. The Court concludes that, until the Bankruptcy Court determines the dischargeability, further prosecution of Allard in state court would amount to harassment and bad faith prosecution. Therefore, the Court holds that it was proper for the Bankruptcy Court to enjoin Beasley, Universal, and Howard from pursuing that prosecution." Howard v. Allard, 122 B.R. 696, 701 (W.D. Ky. 1991)(Internal Quotations Omitted).

Harold Mouser knew that the matter was not criminal; in fact Mouser did not even challenge the dischargeability of the debt. Jennifer Hutchison-Corbin admits she was aware of the discharge, but she took the position that she was immune from any punishment by this Court.

Once the Bankruptcy Court entered the order discharging the debt the discharge injunction prohibits further activity to collect a debt. There can be no dispute that the Bankruptcy Court's discharge injunction encompasses criminal actions in attempts to collect debt. The Bankruptcy Court has jurisdiction to enjoin a criminal prosecution based upon a debt which has been discharged. Matter of Davis, 18 B.R. 701, 702-03 (D.Del.1982). See e.g., In re Whitaker, 16 B.R. 917, 922-23 (Bankr. M.D. Tenn. 1982); In re Taylor, 16 B.R. 323, 325-26 (Bankr. D.Md. 1981); Johnson v. Lindsey, 16 Bankr. 211 (Bankr. M.D.Fla. 1981); In re Kaping, 13 B.R. 621, 622-23 (Bank. D. Or. 1981). Parenthetically, the Court notes that the proper motion by the plaintiff is a motion for an injunction Goree v. Miller, 46 B.R. 697, 699 (W.D. Ky. 1984).

The facts are clear. Jennifer Hutchison-Corbin knew the discharge had been entered. Discussed the matter in open court and yet still refused by abide by this Court

permanent injunction. Second, Ms. Jennifer Hutchison-Corbin had the power at all times to move the Adair District Court to dismiss this action with prejudice. Ms. Hutchison-Corbin did not take a single action of ending the nightmare for Mr. Burton and instead argued in the Adair District Court against dismissal misstated the law and facts regarding the bankruptcy discharge to the Adair District Court.

The Court should award punitive damages. The triple damages awarded in Emberton-Lobb had no deterrent effect on Jennifer Hutchison-Corbin. As this Court noted in Emberton-Lobb "It would be difficult to imagine a set of facts more egregious than those presented here, other than an intentional physical injury." Emberton v. Lobb (in Re Emberton), 263 B.R. 817, 826 (Bankr. W.D. Ky. 2001).

Mr. Burton in this case dropped out of school in the fourth grade to work. Seventy years later, Harold Mouser and Jennifer Hutchison-Corbin put him in jail. An honest man, but unfortunate debtor, who had not spent a night in jail in his life until the events that were put in motion by the defendants. Mr. Burton was put in an orange jumps suit and put in with other prisoners while his wife desperately attempted to have him released. Mr. Burton had no money, but if he had he would have paid over to Harold Mouser and Jennifer Hutchison-Corbin what ever it took to get him out of jail.

Punitive damages at any amount below one hundred thousand dollars would pass constitutional review.

## CONCLUSION

The evidence in this case will dictate that Jennifer Hutchison-Corbin was aware of the discharge injunction but while having the ability at all times to cease the criminal prosecution failed to abide by the Bankruptcy Court's order.

Punitive Damages in this case should be set at an amount to prevent further misconduct by the Commonwealth and over reaching creditors.

Respectfully submitted this 7th day of December 2009.

      **/s/ Alicia C. Johnson**
Alicia C. Johnson
P.O. Box 1654
Russellville, KY 42276
1-270-726-8668
1-270-726-8660 fax

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was caused to be electronically transmitted this 7th day of December 2009 to the following:

Charles English
buzz@elpolaw.com

      **/s/ Alicia C. Johnson**
Alicia C. Johnson