UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Mazes Elmer Burton ) | |
| Elsie Marie Burton ) | |
| ) | |
| Debtor(s) ) | Case No. 08-10013(1) |
| ) | Chapter 7 |
| Mazes Elmer Burton ) | |
| ) | |
| Plaintiff(s) ) | AP No. 08-1019 |
| ) | |
| v. ) | |
| ) | |
| Harold Mouser and ) | |
| Jennifer Hutchison-Corbin ) | |
| ) | |
| Defendant(s) ) | |

## **PRETRIAL BRIEF OF JENNIFER HUTCHISON-CORBIN**

The defendant, Jennifer Hutchison-Corbin ("Hutchison-Corbin") in her capacity as Adair County Attorney, for her pretrial memorandum states as follows:

## **BACKGROUND FACTS**

Hutchison-Corbin is the county attorney for Adair County, Kentucky and her duties and responsibilities include the prosecution of crimes pursuant to KRS 15.725. In November of 2007, Harold Mouser ("Mouser") contacted Hutchison-Corbin's office concerning several checks that had been returned. One of those checks was a $7,700 check that was signed by Mazes Elmer Burton ("Burton"). The check was actually written on the account of Timothy Burton at Bank of Columbia.

Although Burton contends that the document given to Mouser is not a check, the document has the words, "Checking Plus Bank of Columbia" on it, has an FDIC routing number, and meets all other requirements of KRS 355.3-104(6). Furthermore, this is the not the first worthless check issued by Burton. Pursuant to KRS 514.040(4) and (5), Hutchison-Corbin contacted Burton, who agreed to make periodic payments in order to satisfy the $7,700 worthless check. Burton made one payment of $200 under this agreement.

When no further payments were made, Mouser filed a criminal complaint which resulted in the issuance of an arrest warrant for Burton. The criminal complaint is dated January 24, 2008. The Court should note that it was not Hutchison-Corbin who initiated the issuance of the warrant against Burton; rather, it was Mouser who called the arrest warrant to be issued. The criminal complaint that resulted in the issuance of the warrant for Burton's arrest is signed by Mouser and notarized by Gail Rogers. Hutchison-Corbin was not personally involved in the issuance of the arrest warrant for Burton.

Burton filed for a petition for relief under Chapter 7 of the United States Bankruptcy Code on January 3, 2008, before Mouser filed the criminal complaint that resulted in Burton's arrest. Burton listed Mouser as an unsecured creditor, saying that the amount owed was approximately $7,000. Burton was not granted a discharge on his debts until April 9, 2008.

Hutchison-Corbin was not aware that Burton had filed for protection under the Bankruptcy Code prior to the issuance of the arrest warrant. In addition, at no time prior to the issuance of the arrest warrant for Burton was Hutchison-Corbin advised that

Burton contended that this check represented a loan instead of a check. After Burton was arrested, Hutchison-Corbin was advised that Burton had filed for bankruptcy protection, 11 U.S.C. § 101, *et seq.* In view of this information, Hutchison-Corbin agreed that Burton should be released from jail on his own recognizance and the Adair District Court did so. Burton was arrested on February 18, 2008 and was released on February 19, 2008. On April 1, 2008, Hutchison-Corbin requested an opinion from the Kentucky Attorney General as to whether the prosecution against Burton could proceed in view of the bankruptcy.

After Burton was released from jail on his own recognizance, Hutchison-Corbin took no further steps toward prosecuting him; rather, the case appeared on the Adair District Court's docket only at the insistence of the court. On April 1, 2008, before the adversarial proceeding herein, Hutchison-Corbin sought an Attorney General's opinion on whether Burton could be prosecuted. Each time the case appeared on the docket of the Adair District Court, it was passed at the request of Hutchison-Corbin. Burton's counsel filed a motion to dismiss the case approximately one year after Burton was arrested. The criminal case was dismissed by order of the Adair District Court on January 30, 2009.

Hutchison-Corbin filed a summary judgment motion which was overruled by this Court. An interlocutory appeal was filed. The United States District Court for the Western District of Kentucky in its opinion on this matter stated:

> Accordingly, the Court affirms the Bankruptcy Court's implicit finding <u>that Hutchison-Corbin did not violate the automatic</u> stay when she "sought and obtained a warrant for the arrest of Elmer Mazes [Burton]" and allegedly

injured him "as a direct and proximate [sic] result of the felony criminal complaint and related actions" because those actions were never barred by the automatic stay. (Plaintiff's complaint, p. 4). The question of whether Hutchison-Corbin is immune from damages for violation of the automatic stay on the basis of absolute prosecutorial immunity is therefore mute. (Emphasis added).

## ISSUES PRESENTED

The only issue remaining is whether Hutchison-Corbin's conduct after April 9, 2008 violated the discharge injunction by continuing prosecution of Burton. The Untied States District Court recognized that there is no private cause of action afforded a debtor for a violation of the discharge injunction. See In re: Kevin Karavona, 347 B.R. at 267 citing Pertuso v. Ford Motor Credit Co., 233 F.3d 417-423 (6th Cir. 2000). Thus, the Court must determine whether the conduct of Hutchison-Corbin after the discharge was so egregious that this Court should invoke its extraordinary power to hold her in contempt of court.

The Court should take note that the discharge injunction for Burton was not issued until April 9, 2008. Thus, the only relevant facts are Hutchison-Corbin's actions taken after that date. Along those lines, Hutchison-Corbin will establish at trial the following:

- Hutchison-Corbin did not know of Burton's bankruptcy filing until after his arrest.

- After learning of the bankruptcy, Hutchison-Corbin agreed to Burton's release from jail.

- As a matter of law, confirmed by the United States District Court, Hutchison-Corbin did not violate the automatic stay by her prosecution of Burton.

- Hutchison-Corbin took no further action to prosecute Burton in Adair District Court. Each time the case was on the docket, the case was continued.

- Before any claim was made in the adversarial proceeding, Hutchison-Corbin sought an attorney general opinion on the continued prosecution of Burton.

- As early as August of 2008, through counsel, Burton was advised that Hutchison-Corbin would agree to a dismissal without prejudice in the Adair District Court and encouraged Burton's attorney to file such a motion.

- Nothing further occurred in the criminal action until Burton's attorney filed a motion to dismiss in January of 2009 which was granted.

## CONCLUSION

Jennifer Hutchison-Corbin did not violate the discharge injunction. The criminal proceedings initiated against Mr. Burton were for a valid purpose. Burton issued a check that may well have been forged. The criminal action was not undertaken with an attempt to collect a "debt."

Based upon the above, it is respectfully requested that after hearing evidence, this Court should dismiss the adversarial proceeding.

This December 8, 2009.

    ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
    1101 College Street; P.O. Box 770
    Bowling Green, KY 42102-0770
    Telephone: (270) 781-6500
    Facsimile: (270) 782-7782
    E-Mail: buzz@elpolaw.com


    */s/Charles E. English, Jr.*
    CHARLES E. ENGLISH, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Alicia C. Johnson – bkalicia@hotmail.com

                                 _/s/Charles E. English, Jr._____
                                 Charles E. English, Jr.
                                 ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
                                 1101 College Street; P.O. Box 770
                                 Bowling Green, KY 42102-0770
                                 Telephone: (270) 781-6500
                                 Facsimile: (270) 782-7782
                                 E-Mail: buzz@elpolaw.com