## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MAZES ELMER BURTON | ) | CASE NO. 08-10013(1)(7) |
| ELSIE MARIE BURTON | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MAZES ELMER BURTON | ) | AP NO. 08-1019 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAROLD MOUSER | ) | |
| JENNIFER HUTCHISON-CORBIN | ) | |
| | ) | |
| Defendant(s) | ) | |

### MEMORANDUM-OPINION

This matter came before the Court for trial on the Verified Complaint to Recover Damages for the Willful Violation of the Discharge Injunction and Violation of the Automatic Stay ("Complaint") of Plaintiff/Debtor Mazes Elmer Burton ("Debtor") against Defendants Harold Mouser ("Mouser") and Jennifer Hutchison-Corbin ("Hutchison-Corbin") in her capacity as Adair County Attorney. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### FINDINGS OF FACT

Debtor and Mouser had a creditor/debtor relationship for over thirty years. During that time, Mouser loaned money to Debtor and members of his family on several occasions. On each occasion, Debtor would issue a check to Mouser in the amount of the loan. Mouser would then record

payments made by Debtor on the loan on the back of the check.  Typically, Mouser would not attempt to present the check for negotiation.

On or about October 11, 2007, Debtor borrowed $7,700 from Mouser.  Debtor gave Mouser a check in that amount written on his son's bank account.  The bank account had been closed for several years.  Debtor testified that Mouser knew the check was non-negotiable when he gave it to him.  Mouser did not testify at trial.  The memo line on the check stated that the money was for horses, although no horses were exchanged.

Debtor made one payment of $30 on the loan.  Debtor testified that Mouser continually asked him for larger payments.  When Mouser received no further payments from Debtor, Mouser presented the check to the bank, it was returned and thus Mouser turned the matter over to the Adair County Attorney, Hutchison-Corbin.

In November of 2007, Hutchison-Corbin contacted Debtor about Mouser's complaint of nonpayment on several debts.  Hutchison-Corbin contacted Debtor in an attempt to work the matter out without criminal charges.  Debtor agreed to make periodic payments on the $7,700 debt, but he made only one payment of $200.

On January 3, 2008, Debtor and his wife, Elsie Marie Burton, filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.  Debtors listed a $7000 unsecured debt owed to Mouser on Schedule F to their Petition.

On January 18, 2008, Hutchison-Corbin sent a letter to Debtor stating, "We have not received payment on the checks to Harold Mouser since November 30, 2007.  Please come by the office before the end of January to make a payment for December and January."

-2-

On or about January 24, 2008, Mouser filed a criminal complaint against Debtor in Adair County. The criminal complaint resulted in the issuance of an arrest warrant against Debtor for theft by deception.

On February 18, 2008, Debtor was arrested and incarcerated in the Adair County jail for theft by deception. Debtor immediately retained counsel Michael Harris, who met with Hutchison-Corbin and informed her she could not prosecute Debtor because he had filed bankruptcy. Mr. Harris assured Hutchison-Corbin that Debtor would appear in court if he was released from jail. Hutchison-Corbin agreed and on February 19, 2008, Debtor was released from jail by the Adair County District Court on his own recognizance.

On April 9, 2008, 90 days from the date of the filing of Debtor's Petition, an Order of Discharge was entered by the Bankruptcy Court. Pursuant to this Order, the debt to Mouser was discharged. Mouser was served with a copy of the Discharge Order.

Debtor's bankruptcy counsel, Gail Williams, repeatedly requested that Hutchison-Corbin dismiss the criminal charge against Debtor due to Debtor's bankruptcy and subsequent discharge. Williams also tendered a copy of a prior Memorandum-Opinion of this Court dealing with similar circumstances to Hutchison-Corbin. See, In re Emberton, 263 B.R. 817 (Bankr. W.D. Ky. 2001). Hutchinson-Corbin refused to request that the charges be dismissed. Instead, she repeatedly asked the Adair County District Judge to pass the case while she awaited an opinion from Attorney General Jack Conway regarding prosecution for theft by deception during a pending bankruptcy.

The criminal case came upon the Adair County District Court's docket on March 31, 2008 and was passed to another hearing date at Hutchison-Corbin's request. The case was passed again at Hutchison-Corbin's request on August 13, 2008, October 15, 2008, September 29, 2008,

-3-

November 17, 2008 and January 21, 2009 while Hutchison-Corbin waited for the Attorney General's opinion. Hutchison-Corbin testified that she could not dismiss the charges with prejudice without the Court's authority.

On June 16, 2008, Debtors moved to reopen their bankruptcy case to file an adversary proceeding. On June 17, 2008, Debtors filed this adversary proceeding asserting that Hutchison-Corbin was liable for compensatory and punitive damages for violation of the automatic stay and the discharge injunction.

On September 8, 2008, Hutchison-Corbin filed a Motion for Summary Judgment seeking judgment as a matter of law on Debtor's Complaint.

On January 30, 2009, the criminal charge against Debtor was dismissed by the Adair County District Court without prejudice upon Debtor's motion to dismiss the charge with prejudice.

On March 10, 2009, this Court entered an Order denying Hutchison-Corbin's Motion for Summary Judgment. Hutchison-Corbin appealed that ruling to the United States District Court for the Western District of Kentucky.

On August 7, 2009, the District Court affirmed this Court's ruling that Hutchison-Corbin was not subject to a claim of violation of the automatic stay of 11 U.S.C. §362 for prosecuting the theft by deception charge. The District Court also affirmed this Court's ruling that Hutchison-Corbin could be held liable for a violation of the discharge injunction of 11 U.S.C. §524. The matter was remanded to this Court for trial.

-4-

## LEGAL ANALYSIS

The only issue remaining for trial was whether Hutchison-Corbin violated the discharge injunction of 11 U.S.C. §524 by continuing to prosecute the theft by deception charge against the Debtor after the debt was discharged in his Chapter 7 bankruptcy. The facts regarding Hutchison-Corbin's knowledge as to Debtor's bankruptcy are determinative. Those facts establish that Hutchison-Corbin was aware of Debtor's bankruptcy, yet she refused to seek a dismissal of the criminal charge.

Debtor's Voluntary Petition was filed on January 3, 2008. Hutchison-Corbin notified Debtor by letter dated January 18, 2008 that her office had not received payment on the checks to Harold Mouser. Mouser initiated a criminal complaint against Debtor on January 24, 2008. Although the complaining witness, Mouser, was served with notice of Debtor's bankruptcy Petition and the debt was listed on Schedule F to that Petition, Hutchison-Corbin was not served with the Petition. It is clear, however, that after the issuance of the criminal complaint and Debtor's arrest and incarceration, Hutchison-Corbin was made aware of the Debtor's bankruptcy filing by Mr. Harris and later Mr. Williams. The discharge injunction was entered 90 days after the filing of the Petition on April 9, 2008. Hutchison-Corbin clearly had knowledge of the Debtor's bankruptcy at this time but refused to move to dismiss the charge with prejudice until she first received an opinion from the Attorney General. No such opinion had been issued as of the time of trial of this matter.

In the meantime, Debtor was subject to the humiliation of arrest, jail and repeated court appearances only to have the matter continued for months at Hutchison-Corbin's request. Despite Hutchison-Corbin's assurance that the matter would not be pursued, the criminal charge remained pending and Hutchison-Corbin would not request that the Adair County District Court dismiss the

-5-

charge.  This subjected Debtor to the possibility of further prosecution and numerous court appearances by him and his attorney.

Debtor testified that he had a debtor/creditor relationship with Mouser for over thirty years and that he and Mouser always memorialized loans with a check.  Payments were recorded on the back of the checks like a ledger, but the checks were not presented for negotiation unless there was a default.  Debtor tendered several similar checks that had been exchanged between the parties evidencing loans over the years.  Indeed, when Mouser initially met with Hutchison-Corbin, he presented her with several similar checks from Debtor and his son evidencing other debts.

Debtor's criminal case in Adair County was scheduled for seven different hearings, all but two of which were scheduled after the date of the discharge.  Hutchison-Corbin admitted that she was aware of Debtor's bankruptcy, but denied any knowledge of the Order of Discharge. She did testify, however, that due to the injunction she believed she could agree to have the case dismissed without prejudice, but refused to seek a dismissal with prejudice because it would constitute an adjudication on the merits.  Debtor estimated that he attended three or four of these hearings, that he had to consult with his attorney before each scheduled hearing and incurred attorney's fees in connection with the hearings.

The Sixth Circuit has determined that there is no private right of action under 11 U.S.C. §524 for violation of the discharge injunction. <u>Pertuso v. Ford Motor Credit Co.</u>, 233 F.3d 417 (6th Cir. 2000).  Rather, a violation of the discharge injunction of 11 U.S.C. §524(a)(2) may warrant the imposition of sanctions for civil contempt.  <u>In re Lover</u>, 337 B.R. 633 (Bankr. N.D. Ohio 2005).  In order for sanctions to be imposed, the court must find that the offending party knowingly violated a definite and specific court order.  <u>Liberte Capital Group, LLC v. Capwill</u>, 462 F.3d 543, 550 (6th

Cir. 2006).  In the context of the discharge injunction, this means that the debtor must demonstrate that the defendant (i)violated the discharge injunction and (ii) did so with knowledge that the injunction was in place.  In re Franks, 363 B.R. 839, 843 (Bankr. N.D. Ohio 2006).  The debtor must prove that the violation occurred by clear and convincing evidence.  Liberte, 462 F.3d at 550.  The evidence at trial established that Debtor met his burden of proof on each requirement.

Hutchinson-Corbin admitted she had knowledge of Debtor's bankruptcy.  She simply believed that her prosecution was unaffected by the bankruptcy filing.[1]  She also testified that she believed that if Mouser would testify that the state court would find probable cause and that  because of the injunction she could not dismiss the action with prejudice as it would constitute an adjudication on the merits.  Due to her knowledge of the filing, statements to her by Debtor's counsel and the copy of this Court's Memorandum-Opinion rendered in another bankruptcy deciding a matter involving similar circumstances, Hutchinson-Corbin had knowledge of the discharge injunction and her continued prosecution of the Debtor violated the injunction resulting in damage to the Debtor.   See, In re Feldmeier, 335 B.R. 807 (Bankr. D. Ore. 2005) (wherein an attorney with knowledge of debtor's bankruptcy filing was found to be in violation of the discharge injunction for collection efforts after a representative of the attorney's office was notified of the filing of the debtor's petition.)

Inaction violates the discharge injunction if the defendant's motive in failing to act was to collect the discharged debt.  See, In re Lohmeyer, 365 B.R. 746, 750 (Bankr. N.D. Ohio 2007).  The

---

[1]It has been broadly stated that all persons are presumed to know the law.  While the presumption varies in force with the facts, it is strong in the case of a lawyer and in instances where specific laws affect one's usual activities.  See, Am. Jur. 2d Evidence §290 (2010) and 31A C.J.S. Evidence §228 (2009).

focus is on whether the actions are objectively coercive.  Here, Hutchinson-Corbin testified that pursuing bad check charges is a principle role for the County Attorney in small, poor counties like Adair County.  There was no other reason for her to pursue Debtor, except to have the debt paid.

Section 524 of Title 11 provides that a discharge operates as an injunction against commencement or continuation of any action or act to collect, recover or offset any debt as a personal liability of the debtor.  11 U.S.C. §524(a)(2).  The Court can impose remedial and compensatory damages through a finding of civil contempt, but not punitive sanctions for a violation of the injunction.  Sanctions for civil contempt are intended to be either compensatory or coercive to abate the violation.  McMahan & Co. v. Po Folks, Inc., 206 F.3d 627, 634 (6th Cir. 2000); TWM Mfg. Co. v. Dura Corp., 722 F.2d 1261, 1273 (6th Cir. 1983) ("The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding.")

In the case at bar, Hutchison-Corbin admitted she was aware of Debtor's bankruptcy.  At that point, she should have researched the matter or sought guidance from this Court. Instead, Debtors were subjected to the humiliation of arrest, inconvenience and expense for attorney's fees for appearances at several hearings.  Debtor should be awarded compensatory damages to cover his attorney's fees and expenses incurred as a result of Hutchison-Corbin's violation.  Accordingly, Debtor is awarded $150 for each of the five court appearances after entry of the Order of Discharge for a total of $750 in compensatory damages.

## CONCLUSION

For all of the above reasons, the Court will enter Judgment in favor of Plaintiff/Debtor Mazes Elmer Burton on his Complaint against Defendant Jennifer Hutchison-Corbin.  A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

-8-

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  March 16, 2010

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MAZES ELMER BURTON | ) | CASE NO. 08-10013(1)(7) |
| ELSIE MARIE BURTON | ) | |
| | ) | |
| _____Debtor(s) | ) | |
| | ) | |
| MAZES ELMER BURTON | ) | AP NO. 08-1019 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAROLD MOUSER | ) | |
| JENNIFER HUTCHISON-CORBIN | ) | |
| | ) | |
| _____Defendant(s) | ) | |

**JUDGMENT**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of Plaintiff/Debtor Mazes Elmer Burton on his Complaint against Defendant Jennifer Hutchison-Corbin in her capacity as Adair County Attorney for violation of the discharge injunction of 11 U.S.C. §524. Plaintiff/Debtor Mazes Elmer Burton is awarded sanctions from Defendant Jennifer Hutchison-Corbin in the amount of $750.

This is a final and appealable Judgment and there is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge

Dated: March 16, 2010